**UNITED STATES COURT OF APPEALS**  **March 10, 2009**

**TENH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

HUGO ORNELAS-BURROLA,

     Defendant-Appellant.

No. 08-2215
(D.Ct. No. 1:08-CR-00587-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.


Appellant Hugo Ornelas-Burrola pled guilty to one count of illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(2). On

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal, Mr. Ornelas-Burrola argues his forty-one-month sentence is substantively

unreasonable under the 18 U.S.C. § 3553(a) sentencing factors because the

district court: (1) considered his eight-year-old drug conviction, even though he

no longer poses a risk of committing future drug crimes; and (2) failed to consider

uncontested evidence he planned to move his family from the United States to

Mexico to work and live on his father's farm after his release from prison,

thereby establishing he posed no risk of re-entry into the United States. We

exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and

affirm Mr. Ornelas-Burrola's sentence.


I. Procedural Background

On April 28, 2008, Mr. Ornelas-Burrola pled guilty to one count of illegal

re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a)(1) and (2) and

(b)(2), without benefit of a formal plea agreement. Following his guilty plea, a

probation officer prepared a presentence report calculating his sentence under the

applicable 2007 United States Sentencing Guidelines ("Guidelines" or

"U.S.S.G."). The probation officer set Mr. Ornelas-Burrola's base offense level

at eight, pursuant to U.S.S.G. § 2L1.2(a), and increased his base level sixteen

levels, pursuant to § 2L1.2(b)(1)(A)(i), because he had previously been deported

following his 2001 felony convictions on four counts of trafficking in a controlled

substance – cocaine – for which he received a four-year sentence on each count,

to run concurrently. In calculating Mr. Ornelas-Burrola's sentence, the probation officer recommended a three-level offense reduction for acceptance of responsibility, for a total offense level of twenty-one, which, together with his criminal history category of II, resulted in a recommended Guidelines range of forty-one to fifty-one months imprisonment. Finally, the probation officer stated that after assessing Mr. Ornelas-Burrola's criminal and social history, no circumstances took him out of the heartland of cases involving similarly-situated defendants, and therefore no departure issues existed.

Mr. Ornelas-Burrola filed a sentencing memorandum requesting a variance for a reduction of his sentence below the applicable Guidelines range, arguing a sixteen-level enhancement was inappropriate under the sentencing factors in 18 U.S.C. § 3553(a), based on both his criminal history and other personal history and characteristics. Specifically, as to his criminal history, he argued his 2001 convictions for selling cocaine resulted from his addiction to cocaine and need to support that addiction, and that he had overcome his addiction and had no other criminal convictions, other than an unresolved charge for driving while under the influence following his arrest in January 2008. Based on these circumstances, he asserted his criminal history category of II did not represent an accurate assessment of his recidivism or the need for deterrence, and that a criminal history category of I would better serve the sentencing purposes of 18 U.S.C.

§ 3553(a). With regard to his family circumstances, he explained he was working to provide support for his family before returning to the United States and returned to be with his wife and seven-year-old daughter, who is a United States citizen. Mr. Ornelas-Burrola argued his "motive" in returning to the United States should significantly reduce his sentence for his instant offense of illegal re-entry. As a result, he argued, a sentence of forty-one-months imprisonment treats him "more harshly than his circumstances warrant and thus creates an unwarranted disparity between his sentence and the sentence[s] of others who actually receive the lower sentence[s] their similar circumstances justify." R., Vol. 1 at 19.

The government prepared a response in opposition to Mr. Ornelas-Burrola's request, pointing out that even though his prior four drug trafficking offenses were brought in two separate cases, he was only assessed three criminal history points. It also noted that in January 2008 he was arrested using one of his three aliases and has pending charges for driving under the influence; resisting, evading, or obstructing an officer; concealing identification; and driving without a license. In addition, it pointed out his prior incarceration and entanglements with immigration officials and the criminal justice system did not deter him from returning to the United States and that most defendants charged with illegally re-entering the United States could make similar arguments that they returned to the

United States to help support their families.

At the sentencing hearing, Mr. Ornelas-Burrola's counsel advised the district court that Mr. Ornelas-Burrola had no objection to the factual findings in the presentence report but was continuing to seek a lower sentence, as previously requested. After hearing the parties' arguments on the appropriate sentence, the district court stated it had reviewed the unopposed presentence report factual findings; Mr. Ornelas-Burrola's request for a lower sentence and the government's response thereto; and a number of letters provided in support of Mr. Ornelas-Burrola, and that it had also considered the advisory Guidelines applications and the factors set forth in 18 U.S.C. § 3553(a). It then explained that it did not believe Mr. Ornelas-Burrola's criminal history was overstated and that, even taking into consideration his history and characteristics, it simply could not ignore the 2001 trafficking convictions, which it considered very serious and warranted a sentence within the advisory Guidelines range in conjunction with the § 3553(a) sentencing factors. It further stated it believed a sentence of forty-one months was sufficient and not greater than necessary to accomplish the goals of sentencing, after reviewing the other § 3553(a) factors and considering the fact Mr. Ornelas-Burrola's illegal re-entry occurred after having been previously convicted of a felony. The district court then sentenced Mr. Ornelas-Burrola at the low end of the Guidelines range to forty-one months imprisonment and two

years supervised release.

## II.  Discussion

On appeal, Mr. Ornelas-Burrola argues his forty-one-month sentence is substantively unreasonable under the 18 U.S.C. § 3553(a) sentencing factors because the district court:  (1) considered his eight-year-old drug conviction, even though he no longer poses a risk of committing future drug crimes; and (2) failed to consider uncontested evidence he planned to move his family from the United States to Mexico to work and live on his father's farm on his release from prison, thereby establishing he posed no risk of re-entry into the United States.

"Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart,* 518 F.3d 800, 803 (10th Cir. 2008).  "A challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *Id.* at 804.  In reviewing a sentence for substantive reasonableness, we give deference to the district court under an abuse of discretion standard.  *See id.* at 805-06.  If the sentence is within the correctly-calculated Guidelines range, we may apply a presumption of reasonableness.  *See United States v. Kristl*, 437 F.3d 1050, 1053-

55 (10th Cir. 2006) (*per curiam*). A defendant may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *Id.* at 1054-55.

In this case, Mr. Ornelas-Burrola does not dispute that the district court correctly calculated and applied the relevant Guidelines range and sentenced him within that range. Therefore, his sentence is presumptively reasonable. Mr. Ornelas-Burrola must rebut this presumption by demonstrating his sentence is unreasonable in light of the sentencing factors in § 3553(a). However, for the same reason cited by the district court, Mr. Ornelas-Burrola has not demonstrated the district court abused its discretion in considering his prior drug trafficking convictions in sentencing him within the applicable Guidelines range. Drug trafficking is indeed a very serious offense, and, consequently, we cannot say the district court abused its discretion in considering it in assessing the length of Mr. Ornelas-Burrola's sentence. In addition, Mr. Ornelas-Burrola's arguments concerning his family circumstances and risk of re-entry are not sufficiently compelling for the purpose of making his forty-one-month sentence unreasonable. Thus, we conclude the district court did not abuse its discretion in imposing a sentence at the bottom of the applicable Guidelines range, and Mr. Ornelas-Burrola has not demonstrated, as required, that his sentence is substantively unreasonable under the § 3553(a) factors.

III.  Conclusion

For these reasons, we **AFFIRM** Mr. Ornelas-Burrola's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge